UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ALLEN RYTLEWSKI,

       Plaintiff,                   Case No. 1:22-cv-379

v.                                         Hon. Jane M. Beckering

UNITED STATES OF AMERICA,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Robert Allen Rytlewski ("Rytlewski") filed this action against defendant United States as a small claims "affidavit and claim" (complaint) in Michigan's 61st District Court. *See* Notice of Removal (ECF No. 1); Small Claims Affidavit and Claim (ECF No. 1-1, PageID.4-7). Rytlewski later filed an amended affidavit and claim (amended complaint) (ECF No. 1-1, PageID.8-10). The United States removed the small claims case to the federal court. This matter is now before the Court on the United States' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (ECF No. 11). The motion is unopposed.

        **I.**        **The amended complaint**

In his amended complaint, Rytlewski seeks $200.00 (from January 6, 2022 "& renewing daily") because "a foreign invader" is governing the country "by a Jewish fable known as the Noahide Laws":

> MCL 600.2918 Damages for forceable entry and detainer. I have been ejected from Constitution of the United States protections, full legal name identification, electoral franchise, civil status, Armed Forces of the United States veterans pay & privileges, and enjoyment of my one share of the public trust to name just a few of my tenaments [sic] damaged by the United States failure to provide the Republican form of government [sic] it guaranteed to Michigan and the

other States under the fourth article of the Constitution of the United States thus facilitating the forced entry of a foreign invader UNITED STATES OF AMERICA imposing an unconstitutional Democracy on the people of the United States and several States, run by children of the Devil, impersonating as Senators, Representatives, Members of the several State Legislatures, executive and judicial officers of the United States and of the several States, who falsely claim this Nation is governed by a Jewish fable known as the Noahide Laws, and not by the Constitution of the United States; as evidenced by 105 STAT. 44 (PUBLIC LAW 102-14-- MAR. 20, 1991, of the 102d Congress) and who are detaining my tenaments [sic].

Amend. Compl. at PageID.8.

## II.     Discussion

Defendant United States seeks to dismiss the amended complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994). The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1332 (diversity of citizenship jurisdiction). *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 513 (2006). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citations omitted).

The United States seeks dismissal on the basis of sovereign immunity which "is jurisdictional in nature." *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Navajo Nation*, 537 U.S. 488, 502 (2003) (internal quotation marks omitted). "A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *U.S. v. King*, 395 U.S. 1, 4 (1969); *Soriano v.*

*U.S.*, 352 U.S. 270, 276 (1957)." *Lumbard v. St. Joseph County Sheriff Department, et al.*, No. 1:15-cv-1013, 2016 WL 316723 at *2 (W.D. Mich. Jan. 27, 2016).

In support of his claim, Rytlewski cites a Michigan statute, M.C.L. § 600.2918, which awards damages for persons ejected out of lands:

> Any person who is ejected or put out of any lands or tenements in a forcible and unlawful manner, or being out is afterwards held and kept out, by force, is entitled to recover 3 times the amount of his or her actual damages or $200.00, whichever is greater, in addition to recovering possession.

M.C.L. § 600.2918(1). This state statute does not waive federal sovereign immunity. "Only Congress can waive immunity." *Southern Rehabilitation Group, P.L.L.C. v. Secretary of Health & Human Services*, 732 F.3d 670, 676 (6th Cir. 2013). Rytlewski also cites a Congressional joint resolution that designates March 26, 1991, as "Education Day, U.S.A.," Pub L 102-14, 105 Stat 44 (1991) ("Joint Resolution"). As the United States points out, "[t]his resolution, however, does not provide a waiver of the United States' sovereign immunity to allow any type of claim against it." United States' Brief (ECF No. 12, PageID.28). Rytlewski has failed to present any federal statute in which Congress waived the United States' sovereign immunity to be sued based on his claim of "ejectment". Accordingly, this action should be dismissed for lack of subject matter jurisdiction.

Defendant United States also seeks to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Defendant's Brief (ECF No. 12, PageID.29-32). The basis for Rytlewski's ejectment claim is the 1991 Joint Resolution establishing Education Day. In this resolution, Congress recognized the historical tradition of ethical values and principles "upon which our great Nation was founded" which were once known as "the Seven Noahide Laws." *See* Joint Resolution. Rytlewski's claims that the Joint Resolution is evidence that the

3

"children of the Devil" are governing the United States through Jewish Noahide Law rather than the Constitution.  Such allegations are so frivolous, false and devoid of merit that his amended complaint should be dismissed for lack of subject matter jurisdiction.  *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").  Accordingly, this action should also be dismissed for lack of jurisdiction on this basis.

### III.    Recommendation

For the reasons set forth above, I respectfully recommend that defendant United States' motion to dismiss (ECF No. 11) be **GRANTED** and that this case be **DISMISSED**.


Dated:  February 6, 2023                                /s/ Ray Kent
                                                        RAY KENT
                                                        United States Magistrate Judge


**ANY OBJECTIONS** to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).